# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3157

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Warren Blue Bird, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 14, 2005
Filed: February 22, 2005

_____

Before MELLOY, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

The Government charged Warren Blue Bird with assault with a dangerous weapon and assault resulting in serious bodily injury in Indian country arising from an attack on Leonard Martinez, Jr. in January 2004. The prosecution filed a pretrial motion in limine asking the district court[*] to prohibit the introduction of evidence that in September 2003, Martinez had beaten Blue Bird with a garden hoe inflicting several scull fractures. The incident was investigated, but Blue Bird did not cooperate with authorities and Martinez was not prosecuted. On the morning of Blue

_____

[*]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

Bird's trial, the district court preliminarily granted the Government's motion, but stated that when Blue Bird sought to introduce the evidence during the trial, he should approach the court for a definitive ruling. Trial trans. at 4.

Testimony at trial showed that on the night before the January attack, Blue Bird and Martinez were both at a wake for Martinez's grandfather at the Porcupine community center. Martinez shook hands to greet everyone, including Blue Bird, and had no other interaction with him. The next morning, Blue Bird was shoveling by the ramp of the senior citizen home where he lived with his mother. Unaware that Blue Bird lived there, Martinez came over to drink coffee and say hello to an older man during a break in the continuing funeral ceremony. Without warning, Blue Bird approached Martinez from behind with a knife and slashed Martinez's face. Blue Bird goaded Martinez to fight, but Martinez backed away, then fled. Blue Bird gave chase, and witnesses saw Blue Bird with a knife running after Martinez, who was bleeding. One eyewitness picked up Martinez in her truck and sped away. Martinez was taken to a hospital emergency room where he received one hundred stitches to close his facial wound.

After Martinez testified, Blue Bird sought permission to introduce evidence of the September attack to impeach Martinez's testimony. In a bench conference, Blue Bird's attorney stated:

> I have evidence to show that on a prior occasion Mr. Martinez attacked Mr. Blue Bird . . . in an attempt to kill him; certainly injure him severely. And that on [the January] occasion, he came to the location where Mr. Blue Bird was living; came very near to Mr. Blue Bird, who was outside; that Mr. Blue Bird felt threatened; . . . . Mr. Blue Bird chased Mr. Martinez away. . . . Additionally, I believe that while we would offer this evidence as an attack on Mr. Martinez's credibility, Mr. Martinez has testified that on the evening prior to January 16, that he and Mr. Blue Bird had contact, that Mr. Blue Bird shook his hand, that everything seemed fine. When [Mr. Martinez] gave his statement to law enforcement . . . he told the agent that he thought things were okay

between he and Mr. Blue Bird. . . .Well, the fact of the matter is, this man perpetrated a vicious attack on Mr. Blue Bird. The evidence is going to be that Mr. Blue Bird would never shake his hand; that things weren't okay between the two of them; and Mr. Martinez had every reason to fear Mr. Blue Bird and the two of them were not friends. . . . And I believe the evidence of his prior attack on Mr. Blue Bird is relevant to impeach that version of events that he just gave. It will allow the jury at a minimum to consider Mr. Martinez's credibility. So we have both the self-defense and/or justification reasons and explanation for why there was a chase, and as relates to Mr. Martinez's credibility.

Trial trans. at 59-61. After the Government responded that there was no evidence the January attack was provoked, the district court denied the motion as premature. Id. at 61-62.

The federal agent who questioned Blue Bird about the attack testified he said that when Martinez walked over to the senior citizen home on the morning of the attack, he believed "Martinez was going to [mess] with his mother," they got into a fight, and he chased him off. Blue Bird denied cutting Martinez or having a knife. During cross-examination, the agent alluded to Blue Bird's "past relationship with Martinez," Blue Bird's theory that Martinez was injured when he fell in a ditch during the footchase, and the fact that all was not well between Blue Bird and Martinez. Blue Bird again sought to introduce evidence of the September attack. The Government again responded that Blue Bird had not presented any evidence that Martinez provoked Blue Bird in any way. The district court denied the motion. Id. at 114-16. After presenting defense witnesses and determining that the court would permit the jury to hear of Blue Bird's earlier felony conviction if he testified, Blue Bird chose not to testify on his own behalf. During the colloquy on the waiver of his right to testify, Blue Bird told the district court he would only testify if he could discuss the September attack. The court responded that Blue Bird could not place a condition on his testimony. Id. at 158. Both sides rested their case, and court was adjourned for the day.

The next morning, Blue Bird filed a motion for reconsideration of the motion to reopen evidence. The court asked why Blue Bird had not testified, and Blue Bird's attorney stated he perceived he would not have been permitted to testify to those things, and his fear would not make sense to the jury without the background of the September attack, on which the district court had prohibited testimony. After the Government stated it had released its witnesses to rebut Blue Bird's testimony and self-defense law does not permit a preemptive strike, the district court denied Blue Bird's motion. The court explained that the admission of the September altercation would constitute a substantial mini trial, and that under Federal Rules of Evidence 404 and 405, evidence by way of reputation or opinion about Mr. Martinez's character for violence could be admitted, but not the specific instance of conduct in September. Id. at 167. The court also stated it would deny admission of the evidence under Rule 403 because introduction of the evidence would be more prejudicial than probative on the issues in the lawsuit. Id. The court then numbered the jury instructions and refused to submit Blue Bird's instructions on self-defense because the defense was not supported by the evidence. Following deliberations, the jury convicted Blue Bird and he was sentenced to 120 months in prison.

On appeal, Blue Bird contends the district court should have allowed him to introduce evidence about the September assault. The district court has wide discretion in deciding the admissibility of evidence, and did not abuse that discretion in refusing to admit evidence of the September altercation. United States v. Waloke, 962 F.2d 824, 830 (8th Cir. 1992). Even if the evidence was admissible, its exclusion was harmless error because Blue Bird's own version of the January assault shows Martinez posed no immediate threat to Blue Bird and did not fight with him. United States v. Talamante, 981 F.2d 1153, 1157 (10th Cir. 1992). Further, the district court could exercise its discretion to exclude the evidence on the ground that the danger of unfair prejudice substantially outweighed the evidence's probative value on the issue of Martinez's character. Waloke, 962 F.2d at 830 (applying Rule 403 analysis to Rules 404 & 405); Firemen's Fund Ins. Co. v. Thien, 63 F.3d 754, 760 (8th Cir. 1995)

(applying Rule 403 analysis to Rule 608(b)).  Evidence of the September assault could have confused the jury and led them to believe the January attack was justified even though there was no evidence of any legal justification for it.

Blue Bird also contends the district court should have given his requested self-defense instructions.  Reviewing the issue de novo, we conclude the instruction was not warranted because Blue Bird failed to present enough evidence to sustain the defense.  United States v. Davis, 237 F.3d 942, 945 (8th Cir. 2001).   To find Blue Bird acted in self-defense, the jury would have to find Blue Bird used force that he reasonably believed was necessary to protect himself from unlawful physical harm about to be inflicted on him by Martinez.  Hall v. United States, 46 F.3d 855, 857 (8th Cir. 1995).  Here, there is no evidence that immediately before the attack, Martinez threatened Blue Bird in any way.  Id. at 857-58.  Indeed, Martinez had no interaction with Blue Bird before the assault, Blue Bird sought out Martinez to attack him, and Martinez tried to run away from Blue Bird.  Id.  Because Blue Bird had no reasonable apprehension of fear of attack, a self-defense instruction would have been improper. Id.

We thus affirm Blue Bird's convictions.

_____